MCGUIREWOODS LLP
William H. Kiekhofer, III, SBN # 94022
wkiekhofer@mcguirewoods.com
Payam Khodadadi, SBN #239906
pkhodadadi@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for AutoPartSource LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>STEPHEN CHARLES BRUTON,<br><br>    Debtor.<br><hr>AUTOPARTSOURCE LLC,<br><br>    Plaintiff,<br>v.<br><br>STEPHEN CHARLES BRUTON,<br><br>    Defendant. | Bankruptcy Case No.: 13-bk-41028<br><br>Chapter 7<br><br>Adv. Proc. No.: 13-04111<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>**Hearing Information:**<br>Date:    August 1, 2013<br>Time:    11:00 a.m.<br>Place:    U.S. Bankruptcy Court<br>           1300 Clay Street, Room 201<br>           Oakland, CA 94612<br>Judge:  Honorable Roger L. Efremsky |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)
48973033.3

## TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………...……1

I. INTRODUCTION………………………………………………………………………1

II. THE MOTION SHOULD BE DENIED……………………………………………...……1

    A. The Motion Is Fatally Flawed by Using Extraneous Evidence……………………1

    B. The Complaint Complies with Pleading Requirements……………………………3

    C. The Motion Mischaracterizes the Complaint………………………………………7

III. CONCLUSION…………………………………………………………………...……8

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arpin v. Santa Clara Valley Transp. Agency*
   261 F.3d 912 (9th Cir. 2001) ...................................................................................2

*Aschcroft v. Iqbal*
   556 U.S. 662 (2009) .................................................................................................3

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ..........................................................................................3, 4, 7

*Broam v. Bogan*
   320 F.3d 1023 (9th Cir. 2003) ...................................................................................3

*Butler v. Los Angeles County*
   617 F. Supp.2d 994 (C.D.C.A. 2008) ......................................................................2

*Citibank (S.D.), N.A. v. Eashai (In re Eashai)*
   87 F.3d 1082 (9th Cir. 1996) .....................................................................................5

*Coto Settlement v. Eisenberg*
   593 F.3d 1031 (9th Cir. 2010) ...................................................................................1

*Erickson v. Pardus*
   551 U.S. 89 (2007) ...................................................................................................3

*Guerriero v. Kilroy (In re Kilroy)*
   354 B.R. 476 (Bankr. S.D. Tex. 2006) ..................................................................4, 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
   896 F.2d 1542 (9th Cir. 1989) ...................................................................................2

*Howwver r. Ronwin*
   466 U.S. 558 (1984) .................................................................................................3

*In re Stacs Elecs. Sec. Litig.*
   89 F.3d 1399 (9th Cir. 1996) .....................................................................................1

*Mendiondo v. Centinela Hosp. Med. Ctr.*
   521 F.3d 1097 (9th Cir. 2008) ...............................................................................3, 4

*Stennis v. Davis (In re Davis)*
   486 B.R. 182 (Bankr. N.D. Cal. 2013) ......................................................................5

*Trizna & Lepri v. Malcolm (In re Malcolm)*
    145 Bankr. 259 (Bankr. N.D. Ill. 1992) ..........................................................................5

*Walleri v. Federal Home Loan Bank of Seattle*
    83 F.3d 1575 (9th Cir. 1996) ...........................................................................................4

**CALIFORNIA STATUTES**

Cal. Civil Code 3426.1(d)..................................................................................................2

Bus. & Prof. Code § 16600............................................................................................7, 8

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7008......................................................................................................3

Fed. R. Bankr. P. 7009......................................................................................................4

Fed. R. Bankr. P. 7012......................................................................................................2

Fed. R. Bankr. P. 7056......................................................................................................2

Fed. R. Civ. P. 8(a) ...........................................................................................................3

Fed. R. Civ. P. 12 ..............................................................................................................2

Fed. R. Civ. P. 9(b) ...........................................................................................................4

Fed. R. Civ. P. 56 ..............................................................................................................2

# MEMORANDUM OF POINTS & AUTHORITIES

Plaintiff AutoPartSource LLC ("APS") hereby opposes the *Motion to Dismiss Under Rule 12(b)(6)* (the "Motion") filed by Stephen Charles Bruton ("Bruton").

## I. INTRODUCTION.

The Motion is fatally flawed by (i) relying on "factual" allegations extraneous to the *Complaint for Determination of Non-Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6)* (the "Complaint") apparent from Bruton's declaration filed in support of the Motion and (ii) asking the Court to make determinations of credibility and weighting of the evidence, neither of which is permitted in ruling on a motion to dismiss. Moreover, the Motion without any merit and disingenuously alleges that the Complaint has not satisfied the pleading requirements to state claims to relief that are plausible on their face. As set forth herein, the Complaint sets forth in meticulous factual detail APS's business, relationship between APS and Bruton, Bruton's employment, Bruton's acts while he was employed at APS, Bruton's actions after his employment was terminated with APS, trade secret, confidential and proprietary information that Bruton has taken from APS without any authority or consent from APS, Bruton's unlawful use of such information in starting a competing business, relevant dates for the foregoing and injuries that Bruton has caused APS as a result of his conduct. Accordingly, the Motion should be denied in its entirety.

## II. THE MOTION SHOULD BE DENIED.

### A. The Motion Is Fatally Flawed by Using Extraneous Evidence.

In deciding whether to dismiss, the court may consider only the facts alleged in the pleading, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record."); *In re Stacs Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

In other words, in the context of a Rule 12(b)(6) motion, a court cannot consider any additional material asserted in a memorandum opposing the motion or declarations in support of such motion. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss"); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered."); *Butler v. Los Angeles County*, 617 F. Supp.2d 994, 999 (C.D.C.A. 2008)[1].

Here, the Motion is fatally flawed because it uses extraneous evidence. For example, in support of the Motion, Bruton attaches his declaration [Docket No. 8-1], which cannot be considered by this Court in ruling on the Motion. Moreover, the Motion references other extraneous evidence, which must be disregarded. Some examples include the following:

(1) The Motion at P. 6, Lines 4-5 states that:

> First, suppliers of auto parts in China are not secrets, are ready available on the internet and/or available through other public sources. Cal. Civil Code 3426.1(d).[2]

The foregoing clearly goes beyond the facts alleged in the Complaint, documents attached as exhibits to or incorporated by reference in the Complaint or matters of which the judge may take judicial notice. In any event, the reference to Cal. Civil Code 3426.1(d) does not stand for the proposition that Bruton is citing. Rather, that section simply provides a definition for trade secrets

---

[1] If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(d). Rule 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56. As is clear from the pleadings, Bruton clearly fails to show that there are no genuine disputes as to any material fact.

[2] Cal. Civil Code 3426.1(d) provides the following:
>   (d) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>   (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
>   (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

-2-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)

and any interpretation thereof or the validity of such allegation goes to a factual dispute beyond the pleadings.

(2) The Motion at P. 7, Lines 25-27 states that:

> If the information on the computer was or is so important, Plaintiff should have backed it up. The employer is responsible for keeping important information safeguarded, not the employee.

Again, these allegations are additional material asserted in the Motion and not contained in the Complaint and bring about a factual dispute, which cannot be considered in ruling on the Motion.

Accordingly, the Court should disregard the foregoing allegations in ruling on the Motion.

### B. The Complaint Complies with Pleading Requirements.

Under Federal Rule of Civil Procedure 8(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Bankr. P. 7008; Fed. R. Civ. P. 8(a). Rule 8(a) does not require "detailed factual allegations". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Rule 12(b)(6) motions are viewed with disfavor. Dismissal without leave to amend is proper only in 'extraordinary' cases." *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as to true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. *See also Aschcroft v. Iqbal*, 556 U.S. 662, 884 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. "[T]he probability that [plaintiff] will not prevail at trial is no justification for dismissing the complaint." *Howwver r. Ronwin*, 466 U.S. 558, 588 (1984).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1100 (9th Cir. 2008) ("In reviewing

-3-

a motion to dismiss, we accept the alleged facts as true."); *Walleri v. Federal Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996) ("In general, a complaint is construed favorably to the pleader"). "Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556. In other words, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.*

Furthermore, under Federal Rule of Civil Procedure 9(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7009, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Bankr. P. 7009; Fed. R. Civ. P. 9(b). APS does not dispute that Section 523(a)(2)(A) requires an allegation of fraud and is subject to Rule 9(b). However, "section [523(a)(6)] does not necessitate the pleading of fraud; and therefore, the heightened pleading requirement of Rule 9(b) is inapplicable." *Guerriero v. Kilroy (In re Kilroy)*, 354 B.R. 476, 495 (Bankr. S.D. Tex. 2006).

Here, the Complaint clearly complies with the pleading requirements to survive the Motion. The Complaint sets forth in meticulous factual detail APS's business, relationship between APS and Bruton, Bruton's employment, Bruton's acts while he was employed at APS, Bruton's actions after his employment was terminated with APS, the trade secret, confidential and proprietary information that Bruton has taken from APS without any authority or consent, Bruton's unlawful use of such information in starting a competing business, relevant dates for the foregoing and injuries that Bruton has caused APS as a result of his conduct. These allegations are contained, among other places, in paragraph 15 through 99 of the Complaint, and which accepted as true go well beyond stating claims to relief that are plausible on their face. Additional allegations are contained in paragraphs 100 through 116.

A review of the allegations in the Complaint makes clear that Bruton's allegation that the Complaint does not meet the pleading standards is meritless. For example, with respect to the Section 523(a)(2) cause of action, Bruton alleges at Page 5, Lines 14-28 of the Motion that the

-4-

complaint does meet Rule 9(b) specificity requirements by failing to allege specific fraudulent statements, dates of fraudulent statements and identification of persons to which person the statements were made[3], and cites to paragraphs 96 to 98 and 101 to 105 of the Complaint in support of such allegations. By citing to paragraphs 101 to 105 of the Complaint, which are the paragraphs that set forth, in part, the elements of the Section 523(a)(2) cause of action, and paragraphs 96 to 98 of the Complaint, which set forth some, but certainly not all, of the allegations regarding Bruton's actions, Bruton is implicitly admitting he has overlooked approximately eighty paragraphs of allegations (paragraph 15 through 95), which provide in detail the basis for this cause of action, and which if accepted as true states a claim to relief that is plausible on its face. In fact, paragraphs 15 through 95 contain with particularity names of numerous persons, dates and times to satisfy Rule 9(b) for the Section 523(a)(2) cause of action.

Although Bruton tries to couch this cause of action as solely one that requires an affirmative fraudulent statement, the law is clear that concealment also satisfies a Section 523(a)(2) cause of action. *Citibank (S.D.), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1089 (9th Cir. 1996) ("[B]ankruptcy courts have conceded that a debtor's silence or omission regarding a material fact can constitute a false representation which is actionable under § 523(a)(2)(A).") *citing Cooke v. Howarter (In re Howarter)*, 114 Bankr. 682, 684 n.2 (Bankr. 9th Cir. 1990) (noting that the debtor's silence or concealment of a material fact can create a false impression which constitutes a misrepresentation actionable under § 523(a)(2)(A)) and *Trizna & Lepri v. Malcolm (In re Malcolm)*, 145 Bankr. 259, 263 (Bankr. N.D. Ill. 1992) (stating that "when the circumstances imply a particular set of facts, and one party knows the facts to be otherwise, that party may have a duty to correct what would otherwise be a false impression"). *See also Stennis v. Davis (In re Davis)*, 486 B.R. 182, 191 (Bankr. N.D. Cal. 2013) ("It is, thus, 'well recognized that silence, or the concealment of a material fact, can be the basis of a false impression which creates a

---

[3] It is not clear to APS why in support of this argument Bruton cites to Paragraph 16 of the Complaint, which states "APS distributes a number of automotive products, including brake systems, brake rotors/drums, cabin air filters and exhausts."

misrepresentation actionable under §523(a)(2)(A).'"). Here, paragraphs 15 to 95 of the Complaint set forth detailed facts that Bruton concealed material facts from APS in connection with his employment at APS. In any event, the Complaint also makes allegations regarding overt misrepresentations including Bruton's misrepresentations that he had attended the December 2012 trade show. *See, e.g.,* Paragraphs 48-50 and 89 of the Complaint.

Similarly, regarding the Section 523(a)(6) cause of action, Bruton overlooks tens of paragraphs of allegations in the Complaint.[4] For example, on P. 7, Lines 12 through 16 of the Motion, Bruton alleges that the only allegation for this cause of action is set forth in paragraph 108 of the Complaint. Among other places and the background set forth in the Complaint, paragraphs 67-99 and 107 to 116 of the Complaint directly relate to and support this cause of action.

Bruton further wrongly alleges on P. 7, Lines 18-19 of the Motion that "Plaintiff has not identified any trade secrets or other proprietary information that was misappropriated by Defendant Bruton." Bruton again appears to overlook the allegations, among other places, set forth in paragraphs 46 and 67-81 of the Complaint. In fact, any further disclosure is not justified in a public record pleading for the precise reason that trade secrets, confidential and proprietary information are to be protected and not disclosed to the public.

True to form, Bruton further alleges on P. 7, Lines 21-22 of the Motion that APS "fails to identify a single incident that damaged the Plaintiff as a result of Defendant Bruton's action." Bruton again overlooks the numerous allegations in the Complaint, which among things, set forth the allegations regarding Bruton's taking of APS's trade secrets, confidential information and proprietary information, his deletion of various information from APS's systems, his acts diverting customers away from APS, and compensation paid by APS to Bruton while he was an employee of APS and was engaging in such conduct. *See* Paragraphs 15 to 99 and 107 to 116 of the Complaint.

---

[4] Although the Complaint has pled with particularity this cause of action as well, as cited above, "section [523(a)(6)] does not necessitate the pleading of fraud; and therefore, the heightened pleading requirement of Rule 9(b) is inapplicable." *Guerriero v. Kilroy (In re Kilroy)*, 354 B.R. at 495.

| | |
|---|---|
| 1 | Bruton's further argument on P. 7, Lines 23-25 of the Motion that "Plaintiff asks us to |
| 2 | believe that deleting information on a company computer somehow cost Plaintiff money or |
| 3 | reduced Plaintiffs revenues from unnamed companies that purchased Auto parts from Plaintiff" |
| 4 | also fails.  These allegations bring up factual questions regarding damages that cannot be |
| 5 | considered in ruling on the Motion.  Moreover, as cited above, "a well-pleaded complaint may |
| 6 | proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and |
| 7 | that a recovery is very remote and unlikely."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556. |
| 8 | Bruton makes two final meritless statements, both of which should be disregarded.  The |
| 9 | first meritless statement is that the Section 523(a)(6) cause of action is a disguised breach of |
| 10 | contract claim and therefore cannot be sustained.  *See, e.g,* Motion, P. 8, Lines 1-5.  The |
| 11 | allegations in the Complaint make explicitly clear that the bases for this cause of action is not for |
| 12 | breach of contract but are rather for malicious and willful acts taken by Bruton while an employee |
| 13 | of APS and after his termination with the intent to injure APS.  The second meritless statement is |
| 14 | that APS has not alleged a causal connection with lost revenue from an existing supplier.  *See* |
| 15 | Motion, P. 7, Lines 7-8.  This argument also fails because, among other places, Paragraph 115 of |
| 16 | the Complaint alleges that "As a direct and proximate result of Bruton's actions alleged herein, |
| 17 | APS has suffered damages and continues to suffer damages, in an amount to be determined, |
| 18 | including but not limited to lost profits, loss of business, loss of trade, loss of goodwill, data |
| 19 | recreation costs, and damage to its reputation." |
| 20 | Accordingly, APS has complied with the pleading requirements. |
| 21 | **C.     <u>The Motion Mischaracterizes the Complaint.</u>** |
| 22 | Bruton blatantly mischaracterizes the Complaint to raise specious red-herring arguments. |
| 23 | For example, Bruton argues at P. 6, Lines 6-7 of the Motion that: |
| 24 | > Second, Plaintiff may not prohibit former employees from working for or starting a |
| 25 | > competing business.  Business and Professions Code § 16600. |
| 26 | Business and Professions Code § 16600 provides the following: "Except as provided in this |
| 27 | chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, |
| 28 | -7- |

or business of any kind is to that extent void." This is California's law restricting non-compete agreements. The Complaint does not allege that APS has a non-compete agreement with Bruton. Rather, the Complaint alleges APS fired Bruton for cause, without any non-compete agreement, because he, among other things, intentionally made false statements to, or concealed his true intentions from, APS in connection with his employment at APS, willfully and maliciously injured APS or property of APS by improperly deleting, taking, transferring and using APS's trade secrets and other confidential or proprietary information and started a competing business with such unlawfully gained information. Accordingly, the citation to Business and Professions Code § 16600 is clearly irrelevant and should not be considered by this Court.

## III. CONCLUSION

**Wherefore**, APS respectfully requests that this Bankruptcy Court deny the Motion in its entirety and order Bruton to file an answer to the Complaint. If the Court is inclined to grant the Motion, APS respectfully requests that it should be granted leave to amend its Complaint.

DATED: July 17, 2013                    MCGUIREWOODS LLP


                                        By: /s/ Payam Khodadadi
                                            William H. Kiekhofer, III
                                            Payam Khodadadi
                                            Attorneys for AutoPartSource LLC

# CERTIFICATE OF SERVICE

On July 17, 2013, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)** to be filed electronically in pdf format with the United States Bankruptcy Court, Northern District of California, which caused an email Notice of Electronic filing ("NEF") to be automatically generated by the Court's Electronic Filing System to registered efilers, constituting service of the filed document on Filing Users.

| | |
|---|---|
| Terry R. Hunt, Esq.<br>Law Office of Terry Hunt<br>917 Seventh Street<br>Sacramento, CA  95814<br>**Email**: terry.hunt@earthlink.net | *Attorneys for Defendant Stephen C. Bruton* |

In addition, on July 17, 2013, I served the foregoing described document via postage-paid First Class U.S. Mail by placing a true and correct copies of same into sealed envelopes addressed as follows:

| | |
|---|---|
| Patrick Riazi, Esq.<br>1007 Seventh St. #203<br>Sacramento CA 95814<br>Telephone: (916) 442-8400<br>**Email**: patrick@riazilaw.com | *Attorney for Debtor Stephen Charles Bruton* |
| United States Trustee<br>Office of the United States Trustee<br>1301 Clay St. #690N<br>Oakland, CA 94612<br>Telephone: (510) 637-3200<br>**Email**: USTPRegion17.OA.ECF@usdoj.gov | *United States Trustee* |
| Tevis Thompson<br>P.O. Box 1110<br>Martinez, CA 94553<br>Tel: 925-228-0120<br>**Email:** tevisch7trustee@sbcglobal.net,<br>tthompson@ecf.epiqsystems.com | *Chapter 7 Trustee* |

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be

deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

                                                         /s/ Payam Khodadadi
                                                       Payam Khodadadi